IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| **VISUAL DYNAMICS, LLC** | **PLAINTIFF/ COUNTER-DEFENDANT** |
| V.       **CASE NO. 5:16-CV-5287** | |
| **CHAOS SOFTWARE LTD. and CHAOS GROUP, LLC** | **DEFENDANTS/ COUNTER-CLAIMANTS** |

## OPINION AND ORDER

Currently before the Court are cross-Motions in Limine filed by Plaintiff/Counter-Defendant Visual Dynamics, LLC ("Visual Dynamics") (Doc. 58) and Defendants/Counter-Plaintiffs Chaos Software Ltd. and Chaos Group, LLC (collectively, "Chaos") (Doc. 53), as well as the parties' respective briefs in support of and opposition to these two Motions. (Docs. 54, 59, 62, 63, 64). Both of these Motions pertain to Visual Dynamics' allegation that Chaos has destroyed or failed to preserve business records that Visual Dynamics believes would support its claim for tortious business interference. Visual Dynamics seeks a spoliation instruction to the jury; Chaos opposes this request.

The Court just entered an Order dismissing Visual Dynamics' claims against Chaos with prejudice on summary judgment. *See* Doc. 65. That would seem to make both of these cross-Motions in Limine moot, since Visual Dynamics' claim for tortious business interference will not be tried to the jury.

Importantly, Visual Dynamics does not request in its briefing on these cross-Motions in Limine that the Court take any alleged spoliation of evidence into account when ruling on the cross-motions for summary judgment. But the Court will construe Visual

1

Dynamics' briefing on this spoliation issue as implicitly requesting such relief, to the extent that rulings in Visual Dynamics' favor on the matter of spoliation might warrant reconsideration of the Court's summary judgment ruling dismissing Visual Dynamics' claims. The Court's ruling in that respect will be to deny Visual Dynamics' Motion in Limine, and to grant Chaos's; thus, no reconsideration of the Court's summary judgment ruling is warranted. The Court will explain why below.

Visual Dynamics first became aware of the potential spoliation issue on September 27, 2017, during the deposition of a former Chaos customer support technician. Counsel for Visual Dynamics alerted counsel for Chaos of its concern on this matter six days later, on October 2, 2017. Counsel for Chaos responded on October 10, 2017. Visual Dynamics apparently found Chaos's response wanting, yet did not seek any court intervention on the matter until filing its Motion in Limine on January 30, 2018.

The discovery cutoff date in this Court's Case Management Order was October 16, 2017, six days after Visual Dynamics received Chaos's response to its query on this matter. *See* Doc. 17, p. 2. But Visual Dynamics did not move to extend the discovery deadline, nor did it attempt to schedule a conference call with the Court to resolve the discovery dispute, which the Case Management Order requires prior to the filing of any motion to compel. *See id.* at 3. Nor, for that matter, did Visual Dynamics ever file a motion to compel.

The deadline to file dispositive motions was October 30, 2017, nearly three weeks after Visual Dynamics received Chaos's aforementioned response. *See id.* But Visual Dynamics never sought any extension of that deadline either. Instead, Visual Dynamics and Chaos simply filed their cross-motions for summary judgment on October 30, 2017;

and the response and reply briefs for these motions were all filed by the end of the following month, with the matter of spoliation never being raised in any of those filings.

So to the extent that Visual Dynamics' briefing on this spoliation issue could be construed as asking the matter to be considered in the Court's rulings on summary judgment, the Court finds that Visual Dynamics would effectively be making an untimely request for relief from the deadlines in the Case Management Order. Deadlines set in the scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). But nowhere in Visual Dynamics' briefing does it provide any explanation for why it waited until after all these deadlines had passed and all these motions and briefs had been filed in order to seek such relief. In other words, Visual Dynamics has shown no diligence with respect to this spoliation issue. Thus, good cause is lacking here.

**IT IS THEREFORE ORDERED** that Chaos's Motion in Limine (Doc. 53) is **GRANTED IN PART AND MOOT IN PART**, and that Visual Dynamics' Motion in Limine (Doc. 58) is **DENIED IN PART AND MOOT IN PART**.

**IT IS SO ORDERED** on this 12th day of February, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE